IRAKLI KARBELASHVILI, Esq. (SBN 302971)
ALL ACCESS LAW GROUP
1400 Coleman Ave. Ste. F28
Santa Clara, CA 95050
Telephone: (408) 295-0137
Fax: (408) 295-0142
irakli@allaccesslawgroup.com

Attorneys for Plaintiff RICHARD HENDERSON-THOMAS

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD HENDERSON-THOMAS,<br><br>         Plaintiff,<br><br>   vs.<br><br>HR MARKET LLC, dba HR Market; KARLO HOLEVAS,<br><br>         Defendants | Case No. 25-cv-2553<br><br>*Civil Rights*<br><br>**COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES**<br><br>**DEMAND FOR JURY TRIAL** |

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES

1

# INTRODUCTION

1. This is a civil rights action for discrimination based on disability. Accordingly, Plaintiff RICHARD HENDERSON-THOMAS seeks injunctive and declaratory relief, damages, attorney's fees, costs, and litigation expenses pursuant to the Americans with Disabilities Act of 1990 ("ADA") and California civil rights statutes, against Defendants of HR MARKET LLC, dba HR Market; KARLO HOLEVAS (collectively, "Defendants"), the owners and operators of a liquor store and its related facilities located at or around 253 Magnolia Ave, Fullerton, CA 92833 ("HR Market").

# JURISDICTION

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 for violations of the ADA, 42 U.S.C. § 12201 *et seq.* In addition, this Court has supplemental jurisdiction over the related state law claims pursuant to 28 U.S.C. § 1367(a). Supplemental jurisdiction is proper here because the federal and state claims are based on a common set of facts and stem from the same events. Specifically, Plaintiff's claims arise from the same incident in which he was denied full and equal access to Defendants' facilities, goods, and services, in violation of both federal and state law. Because the state and federal claims are so closely connected, they form part of the same case or controversy and would ordinarily be resolved together in a single proceeding.

# VENUE

3. Venue is proper in this court under 28 U.S.C. § 1391(b) and is founded on the fact that the real property that is the subject of this action is in this District and that Plaintiff's claims arise in this District.

# PARTIES

4. At all relevant times, Plaintiff has lived with a physical disability stemming from a 2016 motorcycle accident. That accident caused a loss of sensation in his

left leg along with drop foot, and he later suffered a fractured left femur that further aggravated his condition. Because of these impairments, Plaintiff is substantially limited in his ability to walk and must use a wheelchair for mobility in public. Plaintiff is the holder of a permanent disabled parking placard issued by the State of California. At all times relevant to this action, Plaintiff has resided, and continues to reside, in Anaheim, California, approximately five miles from the subject property.

5. Defendants are and at all relevant times were the owners, operators, lessors, and/or lessees of the subject business, property, and buildings relevant to this Complaint.

6. Defendants failed to ensure that the accommodations, goods, services, and opportunities were accessible to Plaintiff and other members of the public who have physical disabilities. Defendants' failure to comply with federal and state access laws proximately caused the violations and ongoing violations and damages to Plaintiff complained of here.

## FACTUAL ALLEGATIONS

7. Defendants discriminated against Plaintiff by failing to ensure that HR Market's amenities and policies comply with the requirements of the ADA. Defendants have not provided individuals with disabilities, including Plaintiff, with full, equal, and independent access to the same goods, services, benefits, and accommodations offered to nondisabled patrons.

8. The HR Market and its facilities are a "public accommodation" and a "business establishment," subject to the requirements of § 301(7) of the ADA (42 U.S.C. § 12181(7).

9. On information and belief, the HR Market and its facilities have, since January 26, 1993, undergone construction, alterations, structural repairs, and/or additions, subjecting the facility to disabled access requirements of § 303 of the

1  ADA (42 U.S.C. § 12183). In addition, any facilities built or modified since 1982
2  are required to comply with "Title 24," the regulations issued by the California
3  State Architect. Regardless of HR Market's history of construction or
4  modifications, the removal of accessibility barriers at the property is required
5  under the "readily achievable" barrier removal provisions of Title III of the ADA.
6  10.     In October 2025, Plaintiff and his brother visited HR Market to purchase
7  snacks and drinks. Upon arrival to HR Market, he saw that the striping for the
8  designated accessible parking space and its access aisle was faded. When Plaintiff
9  disembarked from his car, he had to make his way up a ramp that encroached into
10 the access aisle of the parking space.
11 11.     Once inside HR Market, Plaintiff noticed that the aisle containing chocolate
12 was blocked by a pistachio display. Because his wheelchair could not fit, he did
13 not attempt to squeeze through and instead moved to another aisle that was wide
14 enough for access, ultimately selecting a bag of gummies, as it was the candy that
15 he could reach. As Plaintiff continued through the store to look for drinks, he
16 encountered another blockage in a different aisle caused by stacked Michelada
17 cups. He was forced to embarrassingly reverse back into the candy aisle and head
18 toward the rear of the store to find an alternate route.
19 12.     Upon turning left, Plaintiff encountered an area congested with overstocked
20 beverages stacked along the corner of the back section, leaving little space for
21 maneuvering and requiring a difficult three-point turn when he realized he had
22 unintentionally entered the beer section. Doubling back to continue searching for
23 drinks, Plaintiff observed that the entire back row had excess beverages stacked
24 along the path, narrowing the passage and making it difficult to reach the cooler he
25 intended to access. Fortunately, Plaintiff had assistance from his brother.
26 13.     As Plaintiff attempted to return toward the front of the store, he had to
27 squeeze past stacks of water, a dolly, and a mobile cart, all obstructing a single

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND
DAMAGES

aisle.

14. Plaintiff left feeling frustrated and excluded because he is a wheelchair user.

15. Plaintiff is deterred from returning to the subject premises because they are not accessible to him. He will return and shop again at HR Market if it is made accessible to him.

16. Before filing this lawsuit, Plaintiff's counsel, consistent with the obligations under Rule 11 of the Federal Rules of Civil Procedure, engaged a CASp-certified accessibility expert to evaluate the accessibility of the subject property. Based on that evaluation, the expert determined that the property does not comply with applicable accessibility standards and identified the following barriers related to Plaintiff's disabilities:

   a. Tow-away sign is not on driveway or by parking of HR Market. Tow-away sign by laundry is vandalized
   b. No path of travel from public right of way (from W Valencia)
   c. Left ADA parking ramp encroaches into access aisle
   d. No "No Parking" stamped on access aisle surface
   e. ISA in parking is faded
   f. Access aisle hatched lines are over 36" wide
   g. Access aisle less than 8' wide for Van Parking
   h. Access aisle lines are faded
   i. Threshold of main entrance is a tripping hazard
   j. Some interior aisles are blocked by displays
   k. Some interior aisles are less than 44" wide
   l. Some interior aisles do not provide a turn away at end

17. These individual barriers to access are listed without prejudice to Plaintiff citing additional barriers to access after more detailed inspection by Plaintiff's access consultant.

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES

18. Plaintiff reserves the right to supplement this Complaint at trial to reflect any additional incidents of deterrence or denial of access.

19. Defendant knew, or reasonably should have known, that conditions at the establishment, as well as its policies and practices, made HR Market inaccessible to individuals with mobility impairments. This lack of access violates both federal and state disability rights laws. On information and belief, Defendants have the financial ability to correct these violations and remove the barriers but has chosen not to take the necessary steps.

20. As a direct result of Defendants' actions and omissions, Plaintiff has experienced a violation of civil rights, difficulties, humiliation, and denial of full and equal access to the subject premises. Plaintiff is entitled to general, special, and statutory damages, and seeks recovery of attorney's fees, litigation costs, and expenses under applicable federal and state law.

21. Plaintiff's objective in bringing this lawsuit is to compel Defendants to make HR Market fully accessible to persons with mobility disabilities, thereby ensuring compliance with disability access requirements and equal use by persons with mobility disabilities.

## FIRST CLAIM:

## VIOLATION OF THE ADA, TITLE III

**[42 U.S.C. § 12101 et seq.]**

22. Plaintiff repleads and incorporates by reference, as if fully set forth hereafter, the allegations contained in all paragraphs of this Complaint and incorporates them here as if separately repled.

23. Plaintiff was at all times relevant here a qualified individual with a disability as defined by the ADA, as he has impairments that substantially limit one or more major life activities. 42 U.S.C. § 12102(1).

24. Plaintiff has reasonable grounds for believing he will be subjected to

discrimination each time he may attempt to access and use the subject facilities.

25.  The subject property and facility are among the "private entities," which are considered "public accommodations" for purposes of Title III of the ADA. 42 U.S.C. § 12181(7).

26.  Under the ADA, it is an act of discrimination to fail to ensure that the privileges, advantages, accommodations, facilities, goods, and services of any place of public accommodation are offered on a full and equal basis by anyone who owns, leases, or operates a place of public accommodation. See 42 U.S.C. § 12182(a). Discrimination is defined, inter alia, as follows:

    a. Providing benefits that are unequal to that afforded to people without disabilities. 42 U.S.C. § 12182(b)(1)(A)(i)–(iii).

    b. A failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations. 42 U.S.C. § 12182(b)(2)(A)(ii).

    c. A failure to remove architectural barriers where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv). Where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily achievable, a failure to make such goods, services, facilities, privileges, advantages, or accommodations available through alternative methods if such methods are readily achievable. 42 U.S.C. § 12182(b)(2)(A)(v). Barriers are defined by reference to the ADA Standards for Accessible Design.

    d. A failure to design and construct facilities for first occupancy later than 30 months after July 26, 1990, that are readily accessible to and usable by individuals with disabilities, except where an entity can demonstrate that it is structurally impracticable. 42 U.S.C. §

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES

12183(a)(1).

e. A failure to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs or to ensure that, to the maximum extent feasible, the path of travel to the altered area and the bathrooms, telephones, and drinking fountains serving the altered area, are readily accessible to and usable by individuals with disabilities. 42 U.S.C. § 12183(a)(2).

27. Plaintiff alleges on information and belief that HR Market was designed and constructed (or both) after January 26, 1993 -- independently triggering access requirements under Title III of the ADA.

28. Here, Defendants violated the ADA by designing or constructing (or both) the HR Market in a manner that did not comply with federal disability access standards even though it was practicable to do so.

29. Moreover, 28 CFR § 36.211 mandates that "A public accommodation shall maintain in operable working condition those features of facilities and equipment that are required to be readily accessible to and usable by persons with disabilities by the Act or this part." Defendants have violated this regulation by failing to ensure that the accessible features at HR Market are adequately maintained.

30. Regardless of the construction and alteration history of the subject premises, the removal of each of the barriers complained of by Plaintiff were at all times here mentioned "readily achievable."

31. The barriers at HR Market are the exact types of conditions the DOJ identifies as low-cost, readily achievable fixes. 28 C.F.R. § 36.304(b). These corrections require minimal labor and expense, especially compared to the significant benefit they provide to wheelchair users who depend on safe, unobstructed access routes. Plaintiff's experience demonstrates how these basic

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES

8

1  barriers impede independent access and deter him from returning. Because these
2  fixes are inexpensive, straightforward, and specifically listed in DOJ regulations,
3  their removal at HR Market is readily achievable under the ADA.

4  32.  Under the ADA, 42 U.S.C. 12188 *et seq.*, Plaintiff is entitled to the remedies
5  and procedures set forth in § 204(a) of the Civil Rights Act of 1964, 42 U.S.C.
6  2000(a)-3(a), as he is being subjected to discrimination based on disability in
7  violation of the ADA or has reasonable grounds for believing that he is about to be
8  subjected to discrimination.

9  WHEREFORE, Plaintiff requests relief as outlined below.

## SECOND CLAIM:
## VIOLATION OF THE UNRUH CIVIL RIGHTS ACT
### [Cal. Civil Code §§ 51 et seq.]

13  33.  Plaintiff repleads and incorporates by reference, as if fully set forth again
14  here, the allegations contained in all paragraphs of this Complaint and incorporates
15  them here by reference as if separately repled hereafter.
16  34.  HR Market is a business establishment within the meaning of the Unruh Act.
17  35.  Defendants are the owners and/or operator of a business establishment.
18  36.  Defendants violated the Unruh Act by their acts and omissions:
19     a. Failure to construct or alter HR Market in compliance with state
20        building code and state architectural requirements,
21     b. Failure to remove known barriers to access at HR Market,
22     c. Failure to modify policies and procedures as necessary to ensure
23        Plaintiff full and equal access to the accommodations, advantages,
24        facilities, privileges, or services of HR Market;
25     d. Failure to maintain accessible features in violation of CBC 11B-108;
26        and
27     e. Violation of the ADA, a violation of which is a violation of the Unruh

Act. Cal. Civil Code § 51(f).

37. Plaintiff has experienced barriers to access at HR Market, all of which have caused him difficulty, discomfort, and embarrassment. Plaintiff suffered mental and emotional damages, including statutory and compensatory damages, according to proof.

38. On information and belief, HR Market is also illegally inaccessible in multiple other respects. As noted above, the barriers to access described in this Complaint are listed without prejudice to Plaintiff citing additional barriers to access after inspection by Plaintiff's access consultant(s)/expert(s).

39. These barriers to access render HR Market and its premises inaccessible to and unusable by persons with mobility disabilities. All facilities must be brought into compliance with all applicable federal and state code requirements, according to proof. Plaintiff prays for leave to amend this Complaint, if necessary, to obtain full injunctive relief as to barriers that limit or deny full and equal access to persons with similar mobility disabilities.

40. Each violation of the ADA constitutes a separate violation of California Civil Code § 51(f), thus justifying an award of damages and injunctive relief under California law, including, but not limited to, Civil Code § 52(a).

41. On information and belief, the access features of HR Market have not been improved since Plaintiff's visit there. Plaintiff's injuries are ongoing so long as Defendants do not modify their policies and procedures and provide fully accessible facilities for Plaintiff and other persons with similar mobility disabilities.

WHEREFORE, Plaintiff requests relief as outlined below.

## THIRD CLAIM:
## VIOLATION OF THE CALIFORNIA DISABLED PERSONS ACT
### [Cal. Civil Code §§ 54 *et seq.*]

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES

10

42. Plaintiff repleads and incorporates by reference, as if fully set forth hereafter, the allegations contained in all paragraphs of this Complaint and incorporates them herein as if separately repled.

43. The subject premises are a place of public accommodation and/or places to which the public is invited and, as such, they must comply with the provisions of the DPA, California Civil Code § 54 *et seq*.

44. The DPA guarantees, among other things, that persons with disabilities have the same right as the public to the full and free use of the streets, highways, sidewalks, walkways, public buildings, public facilities, and other public places. California Civil Code § 54.

45. The DPA also guarantees, among other things, that persons with disabilities have a right to full and equal access, as other members of the public, to accommodations, advantages, facilities, and privileges of covered entities. California Civil Code § 54.1(a)(1).

46. The DPA also provides that a violation of the ADA is *a per se* violation of the DPA, California Civil Code § 54.1(d). Defendant has violated the DPA by, among other things, denying and/or interfering with Plaintiff rights to full and equal access as other members of the public to the accommodations, advantages, and its related facilities due to his disability, including, but not limited to the following:

   a. Failure to construct or alter the facilities in compliance with state building code and state architectural requirements;
   b. Failure to remove known barriers to access at the subject premises;
   c. Failure to modify policies and procedures as necessary to ensure Plaintiff full and equal access to the accommodations, advantages, facilities, privileges, or services of the subject premises;
   d. Failure to maintain accessible features in violation of CBC 11B-108;

and

e. Violation of the ADA, a violation of which is a violation of the DPA. Cal. Civil Code § 54.1(d).

WHEREFORE, Plaintiff requests relief as outlined below.

## FOURTH CLAIM:

## VIOLATION OF THE CALIFORNIA HEALTH AND SAFETY CODE

[Cal. Health and Safety Code §§19955 *et seq.*]

**(Against all Defendants and each of them)**

47. Plaintiff repleads and incorporates by reference, as if fully set forth hereafter, the allegations contained in all paragraphs of this Complaint and incorporates them herein as if separately repled.

48. Health & Safety Code §19955 provides in pertinent part:

> The purpose of this part is to ensure that public accommodations or facilities constructed in this state with private funds adhere to the provisions of Chapter 7 (commencing with Sec. 4450) of Division 5 of Title 1 of the Government Code. For the purposes of this part "public accommodation or facilities" means a building, structure, facility, complex, or improved area which is used by the general public and shall include auditoriums, hospitals, theaters, restaurants, hotels, motels, stadiums, and convention centers. When sanitary facilities are made available for the public, clients or employees in such accommodations or facilities, they shall be made available for the handicapped.

49. Health & Safety Code §19956, which appears in the same chapter as §19955, provides in pertinent part, "accommodations constructed in this state shall conform to the provisions of Chapter 7 (commencing with Sec. 4450) of Division 5 of Title 1 of the Government Code …" Health & Safety Code §19956 was operative July 1, 1970, and applies to all public accommodations constructed or

altered after that date.

50. On information and belief, portions of HR Market and/or the building(s) were constructed and/or altered after July 1, 1970, and substantial portions of HR Market and/or the building(s) had alterations, structural repairs, and/or additions made to such public accommodations after July 1, 1970, thereby requiring HR Market to be subject to the requirements of Part 5.5, §19955, *et seq.,* of the Health & Safety Code upon such alteration, structural repairs or additions per Health & Safety Code §19959.

51. Under the authority delegated by Government Code §4450, et seq., the State Architect promulgated regulations for the enforcement of these provisions. Effective July 1, 1982, Title 24 of the California Building Standards Code adopted the California State Architect's Regulations, and these regulations must be complied with as to any alterations and/or modifications of HR Market and/or the building(s) occurring after that date. Construction worked performed before this date but after July 1, 1970 triggered access requirements under the "ASA" requirements, the American Standards Association Specifications, A117.1-1961.

52. On information and belief, at the time of the construction and modification of said building, all buildings and facilities covered were required to conform to each of the standards and specifications described in the American Standards Association Specifications and/or those contained in the California Building Code.

53. HR Market is a "public-accommodations or facilities" within the meaning of Health & Safety Code §19955, *et seq.*

54. As a result of the actions and failure to act of Defendants, and because of the failure to provide proper and legally accessible public facilities, Plaintiff was denied his right to full and equal access to public facilities and suffered a loss of civil rights and rights as a person with physical disabilities to full and equal access to public facilities.

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES
13

WHEREFORE, Plaintiff requests relief as outlined below.

**PRAYER FOR RELIEF:**

1. Plaintiff has no adequate remedy at law to redress the wrongs suffered as explained in this Complaint. Plaintiff has suffered and will continue to suffer irreparable injury because of the unlawful acts, omissions, policies, and practices of Defendants as alleged here, unless Plaintiff is granted the relief he requests. Plaintiff and Defendants have an actual controversy and opposing legal positions as to Defendants' violations of the laws of the United States and the State of California. The need for relief is critical because the rights at issue are paramount under the laws of the United States and the State of California.

2. Plaintiff requests a declaratory judgment that Defendants' actions, omissions, and failures—including, but not limited to, failing to remove known architectural barriers at the HR Market to make it "accessible to and useable by" mobility disabled persons; failing to construct and/or alter the HR Market in compliance with federal and state access standards; and failing to make reasonable modifications in policy and practice for Plaintiff and other persons with similar mobility disabilities.

3. Plaintiff requests that the Court issue an order enjoining Defendants, their agents, officials, employees, and all persons and entities acting in concert with them:[1]

    a. From continuing the unlawful acts, conditions, and practices described in this Complaint;

    b. To provide reasonable accommodations for persons with disabilities at the HR Market;

---

[1] Plaintiff is not seeking any injunctive relief or any relief under Section 55 of the California Civil Code.

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES

14

    c. To ensure that persons with disabilities are not denied equal benefits at the HR Market;

    d. To modify the above-described facilities to provide full and equal access to persons with mobility disabilities, including, without limitation, the removal of all barriers to access where "readily achievable;"

    e. To maintain such accessible facilities once they are provided;

    f. To train Defendants' employees and agents in how to accommodate the rights and needs of physically disabled persons at the HR Market; and

    g. To implement nondiscriminatory protocols, policies, and practices for accommodating persons with mobility disabilities at the HR Market.

4. Plaintiff requests that the Court retain jurisdiction over Defendants until the Court is satisfied that Defendants' unlawful policies, practices, acts and omissions, and maintenance of inaccessible public facilities as complained of here no longer occur, and cannot recur;

5. Award to Plaintiff all appropriate damages, including but not limited to, statutory damages, general damages and treble damages in amounts within the jurisdiction of this Court, all according to proof.

6. Plaintiff requests all reasonable statutory attorney fees, litigation expenses, and costs of this proceeding;

7. Plaintiff requests prejudgment interest under California Civil Code § 3291;

8. Plaintiff requests interest on monetary awards as permitted by law; and

9. Plaintiff requests any other relief that this Court may deem just and proper.

| | |
|---|---|
| Date: November 13, 2025 | ALLACCESS LAW GROUP |
| | */s/ Irakli Karbelashvili*<br>By IRAKLI KARBELASHVILI, Esq.<br>Attorney for Plaintiff<br>RICHARD HENDERSON-THOMAS |

## JURY DEMAND

Plaintiff demands a trial by jury for all claims for which a jury is permitted.

| | |
|---|---|
| Date: November 13, 2025 | ALLACCESS LAW GROUP |
| | */s/ Irakli Karbelashvili*<br>By IRAKLI KARBELASHVILI, Esq.<br>Attorney for Plaintiff<br>RICHARD HENDERSON-THOMAS |

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES

16